IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

Jay Bonanza Briley,
    Plaintiff,

v.                                                    1:16cv505 (LO/IDD)

United States of America,
    Defendant.

<u>MEMORANDUM OPINION</u>

    Jay Bonanza Briley, a federal inmate proceeding <u>pro se</u>, originally filed the instant civil action against United States Park Police Officer Robert Usher in Alexandria Circuit Court. Plaintiff's instant action is the latest in an extensive amount of federal and state litigation that plaintiff commenced after several unsuccessful attempts to obtain relief from his federal convictions entered in this Court.  The matter is now before the Court upon defendant's Motion to Dismiss.  Plaintiff has responded and filed a Motion to Remand, and defendant has replied.  For the reasons explained below, plaintiff's Motion to Remand will be denied, this Court will retain jurisdiction over the instant action, and defendant's Motion to Dismiss will be granted.

**I. Criminal Case Background**

    On January 12, 2012, United States Park Police Officers William Brancato and Robert Usher were patrolling the Washington Sailing Marina – a known location for sexual escapades – in an unmarked vehicle.  <u>United States v. Briley</u>, 770 F.3d 267, 269 (4th Cir. 2014).  Brancato and Usher noticed another vehicle approach and park next to plaintiff's SUV in the parking lot of the marina.  <u>Id.</u>  A man exited the vehicle and subsequently entered plaintiff's SUV.  <u>Id.</u>  Plaintiff then drove his SUV to another parking lot within the marina.  <u>Id.</u>  From a distance, Brancato and Usher determined that plaintiff and his companion were about to engage in a sexual act.  <u>Id.</u>

Brancato and Usher contacted two other uniformed Park Police, Corey Mace and Thomas Twiname, who were patrolling nearby.  Id.  Twiname approached plaintiff's SUV, knocked on the window, identified himself as a policeman, and told plaintiff to open the door.  Id.  Plaintiff ultimately opened his door, but repeatedly refused to exit the SUV.  Id.  When Twiname attempted to physically remove plaintiff from the vehicle, plaintiff locked his legs around the steering column, preventing Twiname from removing him.  Id. at 270.  Brancato and Usher then arrived and directed plaintiff to stop resisting Twiname.  Id.  Brancato and Usher began to assist Twiname by attempting to remove plaintiff from his vehicle, and in the course of the scuffle, plaintiff struck Usher in the arms, legs, and lower back, and kicked Brancato twice in the abdomen.  Id.  The officers ultimately subdued and arrested plaintiff; however, plaintiff's strikes had been sufficiently harmful, causing Usher lower back pain and damaging Brancato's pancreas and necessitating removal of his gallbladder.  Id.

Plaintiff was tried before this Court, and on March 11, 2013, a jury found him guilty of two felony and one misdemeanor counts related to assault on a federal officer and one misdemeanor count related to disorderly conduct – obscene acts.  United States v. Briley, Case No. 1:12cr482 (E.D. Va.) (hereinafter "Crim. Dkt.").  This Court did not initially order plaintiff detained pending sentencing; however, on March 20, 2013, this Court granted the United States' motion to revoke plaintiff's release "because [plaintiff] had threatened a member of the prosecution team."  Crim. Dkt. No. 72.  On October 22, 2013, this Court sentenced plaintiff to a seventy-eight (78) month term of incarceration.

Plaintiff appealed, and in a published opinion dated October 22, 2014, the United States Court of Appeals for the Fourth Circuit affirmed his convictions, rejecting plaintiff's assignments of reversible error.  Briley, 770 F.3d at 279.  The United States Supreme Court thereafter denied plaintiff's petition for a writ of certiorari, thus terminating plaintiff's direct appeal proceedings.

2

Briley v. United States, 135 S. Ct. 1844 (2015).

On December 19, 2014, plaintiff filed a motion to vacate his conviction and sentence, pursuant to 28 U.S.C. § 2255, and a motion for a new trial.   Crim. Dkt. Nos. 155-56.   By Order dated July 22, 2015, this Court denied both motions and declined to issue a certificate of appealability.   Crim. Dkt. Nos. 183-84.   Plaintiff appealed, and the Fourth Circuit summarily affirmed, holding that there had been no reversible error present in this Court's denial of plaintiff's motion for a new trial, and that plaintiff had not made the necessary showing to establish that this Court's analysis was "debatable or wrong."   United States v. Briley, 631 Fed. Appx. 156, 156 (4th Cir. 2016) (per curiam).

## II. Plaintiff's Civil Filings

Having failed to secure any relief from his convictions or sentence within his criminal proceedings, plaintiff began seeking monetary and other relief through civil proceedings against several individuals and entities, based upon allegations that his conviction was wrongful and premised on erroneous information.

In this Court, plaintiff has filed two civil actions:

a. First, on January 11, 2016, plaintiff filed a civil action against the United States Park Police itself, each of the Park Police officers involved in his arrest, and the Special Assistant United States Attorneys who successfully prosecuted him in this Court.   Briley v. Brancato, et al., Case No. 1:16cv67 (LO/JFA).

b. Second, on February 1, 2016, plaintiff filed another civil action, with similar allegations, against the attorneys who represented him during his criminal proceedings before this Court. Briley v. Richman, et al., Case No. 1:16cv104 (LO/TCB).   With similar factual recitations proffered in his first civil action, plaintiff claims that he "was falsely arrested indicted, tried, and sentence[d], based on Park Police Officers[] Brancato, Usher, Mace, and Twiname manufactured

3

[sic] charges and their Material Testimonies at the plaintiff's Criminal Trial." Id. at Dkt. No. 1.

c. Clearly unsatisfied by the results obtained in his litigate efforts in this Court, on February 24, 2016, plaintiff filed the instant action against Park Police Officer Robert Usher in the Circuit Court for the City of Alexandria. Plaintiff's complaint[1] in his state court action shared much in common with his federal filings. In contrast to his conviction for, inter alia, assault on a federal officer, plaintiff alleges that Usher "intentionally orchestrated and ensued the brutal attack on plaintiff by manufacturing a false claim that the plaintiff was engaging in an illegal action in the privacy of his vehicle." Dkt. No. 1, Ex. A ("Compl.") ¶¶ 4, 7. Plaintiff also alleges that Usher falsely testified that he was injured by plaintiff during the events giving rise to plaintiff's criminal proceedings, and that Usher had no medical evidence of any such injuries. Id. ¶ 9. Plaintiff claims that Usher's improper actions led to his wrongful conviction for assault on a federal officer and a significant sentence by this Court. Id. ¶¶ 11-12. Based upon these allegations, plaintiff's complaint presents common law tort claims against Officer Usher for negligence and assault and battery, and plaintiff seeks monetary relief. Id. ¶¶ 14-22.

### III. Removal to Federal Court

Based upon the provisions of the Westfall Act, see 28 U.S.C. § 2679(d), on May 4, 2016, the United States of America removed this action from Alexandria Circuit Court to this Court. Along with the filing of the instant motion and supporting memorandum, the United States has filed a notice substituting itself as the party defendant in place of Officer Usher. As a matter of

---

[1] As identified in the United States' Notice of Removal (Dkt. No. 1, ¶1, n.1), plaintiff's initial complaint filed in the Alexandria Circuit Court contained an error, and plaintiff subsequently moved for leave to file an amended complaint to rectify the error. Although the Alexandria Circuit Court had not formally ruled upon plaintiff's motion prior to removal to this Court, in deference to his pro se status, the following discussion of plaintiff's "complaint" is based upon the amended complaint that plaintiff wished to file.

law, the instant action must now proceed against the United States pursuant to the Federal Tort Claims Act ("FTCA").

Subsequent to defendant's removal, plaintiff filed a "Motion to Dismiss Notice of Removal and Remand Back to Circuit Court," to which the defendant has responded.  Dkt. Nos. 6, 7, 10. In his pending Motion, plaintiff does not assert that he actually provided Officer Usher with any notice of the instant action, or that Usher was acting outside the scope of his employment at the time of the events giving rise to plaintiff's claim.  Rather, plaintiff argues that: (1) only the Attorney General of the United States can certify, under the Westfall Act, that a federal employee was acting within the scope of his employment; and (2) after the United States removed the action to this Court, plaintiff amended his complaint to add a claim under the Federal Constitution against Officer Usher in his individual capacity.  Dkt. Nos. 6-7.  For the following reasons, plaintiff's arguments are meritless, and this civil action must remain in this Court.

### a. The Attorney General has Delegated Westfall Act Certification Authority to United States Attorneys

Although plaintiff is correct that the Westfall Act statute itself speaks to the Attorney General's certification authority, see 28 U.S.C. § 2679(d)(2), he fails to recognize that the Attorney General has explicitly delegated her authority to the United States Attorneys:

> The United States Attorney for the district where the civil action or proceeding is brought . . . is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment at the time of the incident out of which the suit arose.

28 C.F.R. § 15.4(a).  As courts have repeatedly held, pursuant to this regulatory provision, the United States Attorneys may execute the necessary certification that a federal employee was within the scope of his employment for the purpose of removal and substitution under the Westfall Act.  See, e.g., Dolan v. United States, 514 F.3d 587, 592 (6th Cir. 2008).  Thus, the instant

certification, executed by the United States Attorney for the Eastern District of Virginia, is completely valid.[2]

### b. Plaintiff's Attempt to Add New Claims Does Not Impact the Removal to this Court

On May 11, 2016, subsequent to the United States' filing its notice of removal in this Court, plaintiff attempted to file another amended complaint in the Alexandria Circuit Court. Dkt. Nos. 6-7, Ex. A. Specifically, plaintiff filed a "Motion to Add Addendum to Civil Complaint," in which he requested that the Alexandria Circuit Court allow him to add a new claim against Officer Usher, in his individual capacity, under the United States Constitution: that Officer Usher violated plaintiff's due process rights by withholding exculpatory evidence. Id. Plaintiff argues that because the Westfall Act exempts claims brought under the federal Constitution, this Court must remand the instant action back to Alexandria Circuit Court. Id.

Plaintiff filed his motion to add a new claim in Alexandria Circuit Court *after* the United States had filed its notice of removal to this Court; hence, plaintiff's proposed amendment to his complaint is simply ineffective. Pursuant to federal law, after a party files a notice of removal in federal district court, a "State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Thus, an amended complaint filed in state court after removal cannot govern an action that is already pending in federal court.

Even if plaintiff's new claim against Officer Usher were to be filed and accepted in this Court, it would not defeat this Court's jurisdiction over the instant civil action. Rather than seeking to eliminate his currently-pending claims against the United States, plaintiff expressly

---

[2] Even if this were not true, the Supreme Court has held that an action that has been removed to federal court pursuant to the Westfall Act, cannot be remanded to state court, even if a district court concludes the certification is erroneous. See generally Osborn v. Haley, 549 U.S. 225, 240-41 (2007); see also Stephens v. United States, 628 Fed. Appx. 200, 201 (4th Cir. 2016) (per curiam).

6

seeks to add his new constitutional claim against Officer Usher.   As previously stated, removal

jurisdiction in this Court for the pending claims is mandated by federal statute.   Thus, whatever

the jurisdictional basis for plaintiff's new claims, the instant civil action must remain in this Court.

Kebaish v. Inova Health Care Servs., 731 F. Supp. 2d 483, 486-76 (E.D. Va. 2010).   Additionally,

plaintiff's new claim is brought under the federal Constitution against a federal officer, and other

statutory provisions would unequivocally authorize removal of the claim from Alexandria Circuit

Court to this Court.   See 28 U.S.C. §§ 1441; 1442(a)(1).   Nothing about plaintiff's new proposed

claim, even if filed in and approved by this Court, would modify this Court's jurisdiction or

authorize remand to the Alexandria Circuit Court.

### IV. Motion to Dismiss Standard of Review

a. Federal Rule of Civil Procedure 12(b)(1)

When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter

jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff.   Richmond,

Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991);

Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982).   When determining whether jurisdiction

exists, courts must look to the plaintiff's allegations as mere evidence on the issue, and may

consider evidence outside the pleadings.   Adams, 697 F.2d at 1219; Coulter v. United States, 256

F. Supp. 2d 484, 486 n.3 (E.D. Va. 2003), aff'd, 90 Fed. Appx. 60 (4th Cir. 2004).

b. Federal Rule of Civil Procedure 12(b)(6)

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a

court must presume that all factual allegations in the complaint are true, and must draw all

reasonable inferences in the plaintiff's favor.   See, e.g., Burbach Broadcasting Co. of Del. v.

Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002).   Therefore, a court may not dismiss a

7

complaint if the plaintiff pleads any plausible set of facts that would entitle him to relief. See, e.g., Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A claim has plausibility if the plaintiff alleges sufficient facts by which a court could reasonably infer the defendant's liability. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007)). To meet this standard, however, the plaintiff must do more than simply allege "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." Id. (citing Twombly, 550 U.S. at 555)). Thus, the plaintiff must allege facts that show more than a "mere possibility of misconduct" by the defendant. Id. at 679.

While pro se prisoners must meet the plausibility standard to withstand a Rule 12(b)(6) motion, courts must also hold complaints filed by prisoners "to less stringent standards than formal pleadings drafted by lawyers . . . ." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Under this standard, however, a pro se plaintiff must still plead facts sufficient to state a plausible claim for relief. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### V. Analysis

#### a. Plaintiff Has Not Presented a Proper FTCA Administrative Claim to the United States Department of the Interior

The FTCA conditions this Court's jurisdiction over any claim brought pursuant to its provisions on the plaintiff's prior presentment of a similar administrative claim to the allegedly responsible agency and the denial of that claim by that agency:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

8

28 U.S.C. § 2675(a); see also McNeil v. United States, 508 U.S. 106, 111 (1993); Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986) (finding that the presentment requirement of § 2675(a) is "jurisdictional and may not be waived"). In this case, plaintiff has not presented an administrative claim to the appropriate agency, the United States Department of the Interior ("DOI"), under the FTCA, or to DOI's components. Dkt. No. 4, Ex. A ("Wallace Dec.") ¶ 5. Because plaintiff has not presented an administrative claim to the DOI, nor has the DOI denied such a claim, this Court must dismiss plaintiff's FTCA action against the United States for a lack of subject matter jurisdiction.

b. Plaintiff's Claims are Barred by Heck v. Humphrey, 512 U.S. 477 (1994)

Generally, the dismissal of an FTCA action on the basis of a plaintiff's failure to comply with the administrative presentment requirement is without prejudice, so that plaintiff has an opportunity to comply with the statute's provisions. 28 U.S.C. § 2679(d)(5). However, in the instant case, there is no reason to allow plaintiff to generate an administrative claim with DOI because even if plaintiff properly filed his administrative claim and awaited its denial, plaintiff's claims would fail to state a claim upon which any relief could be granted.

Based upon the well-established rule set out in Heck, 512 U.S. at 481, "habeas corpus is the exclusive remedy for a [] prisoner who challenges the fact or duration of his confinement." In its opinion, the Supreme Court found that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .

Id. at 486-87 (footnote omitted). Although Heck itself rose in the context of a 42 U.S.C. § 1983

9

action and the prisoner plaintiff had been convicted in state court, courts have repeatedly recognized that the rule announced in Heck applies equally in federal context and applies to claims brought pursuant to the FTCA. See, e.g., Dare v. United States, 264 Fed. Appx. 183, 185 (3d Cir. 2008) (per curiam); Erlin v. United States, 364 F.3d 1127, 1131-33 (9th Cir. 2004).

In this case, the Heck rule applies to the causes of action that plaintiff seeks to assert. These claims and their associated allegations clearly challenge the validity of plaintiff's conviction and sentence, and, if successful, would "render [plaintiff's] conviction or sentence invalid" Heck, 512 U.S. at 487. Plaintiff explicitly states that because of Officer Usher's improper actions, he was wrongfully convicted and "sentenced" for "assaulting [a] police officer." See Compl. ¶¶ 10-11. Specifically, plaintiff alleges that Officer Usher fabricated the reasoning for confronting plaintiff in his vehicle and that Usher and other officers assaulted plaintiff; in addition, he denies assaulting any federal officers. Id. ¶¶ 3-4. Plaintiff's instant tort action in fact challenges the very essence of his criminal conviction, and this Court's acceptance of his allegations would require rejection of his criminal convictions and sentence.

Additionally, plaintiff cannot salvage his claim by demonstrating, as Heck requires, that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Rather, the facts of plaintiff's case are quite to the contrary. Not only did the United States Court of Appeals for the Fourth Circuit affirm plaintiff's convictions and sentence on direct appeal, see Briley, 770 F.3d at 278, but this Court denied plaintiff's requests for a new trial and for relief from his conviction and sentence pursuant to 28 U.S.C. § 2255, see Crim. Dkt. Nos. 183-84, which the Fourth Circuit summarily affirmed, see Briley, 631 Fed. Appx. at 156. Despite presenting several challenges to

his convictions and sentence, no court has ever questioned the validity of plaintiff's convictions and sentence.   Thus, plaintiff's instant action is barred by Heck and fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Pro. 12(b)(6).   See, e.g., Mendia v. City of Wellington, 432 Fed. Appx. 796, 797 n.1 (10th Cir. 2011) (finding that because the Heck bar is jurisdictional, dismissals pursuant to that bar are appropriately entered under Fed. R. Civ. Pro. 12(b)(6)).

## VI. Conclusion

For the foregoing reasons, the instant action must be dismissed.   An appropriate Order shall issue.

Entered this ___26th___ day of _____Sept_____ 2016.

Alexandria, Virginia

_____/s/_____

Liam O'Grady
United States District Judge